UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRUSTMARK INSURANCE COMPANY,

        Plaintiff,

v.                                              Case No. 17-cv-1808-pp

LAWRENCE SPRUILL, ERIC SPRUILL,
and BETTY JOHNSON,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO DEPOSIT FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE POLICY PROCEEDS AND FOR ENTRY OF A DISCHARGE AND DISMISSAL ORDER (DKT. NO. 19)**

---

Plaintiff Trustmark Insurance Company filed an interpleader complaint asking the court to rule on the competing claims of Margaret Spruill's two surviving sons and her sister. Dkt. No. 1. On February 20, 2018, the plaintiff filed a motion for leave to deposit[1] $34,545.52, which consists of a $33,671 death benefit under Spruill's Flexible Premium Adjustable Life Insurance Policy No. ND0067, and interest in the amount of $874.52. At this stage, all of the defendants have been served and have appeared in this action. No one has objected to the motion.

---

[1] The plaintiff requests leave to "deposit these funds plus any additional interest with the Clerk of the U.S. District Court for the *Central District of Illinois* in an interest bearing account" (emphasis added). Dkt. No. 19 at 2. The court assumes that the plaintiff intends to deposit the funds in this district.

1

**I.     Jurisdiction**

The plaintiff filed the complaint under 28 U.S.C. §1335 and Federal Rule of Civil Procedure 22. The Federal Interpleader Act grants district courts jurisdiction over cases in which (1) the plaintiff has in its custody cash or property in excess of $500, (2) at least two or more of the adverse claimants have diverse citizenship, and (3) the plaintiff has deposited the property or its value with the court. 28 U.S.C. § 1335(a). Rule 22 of the Federal Rules of Civil Procedure is a procedural device which does not, by itself, grant the court subject matter jurisdiction. Fed. R. Civ. P. 22. Complete diversity is a prerequisite for Rule 22 interpleader.

The plaintiff has established the statutory amount in controversy. For both the statute and the rule, the plaintiff must show diversity exists between at least two claimants to the fund. The plaintiff is an Illinois corporation with a principal place of business in Illinois. Defendant Lawrence Spruill resides in Kenosha County, Wisconsin, and Betty Johnson resides in St. Louis County, Missouri. The plaintiff does not know the state of domicile for defendant Eric Spruill. Dkt. No. 1 at 2. Statutory interpleader, however, requires only minimal diversity. The provision has been uniformly construed to require only diversity between two or more claimants without regard to the circumstance that other rival claimants may be co-citizens. State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). The plaintiff has established minimal diversity.

The third requirement—that the funds be deposited with the court—is the subject of the pending motion.

## II. Motion to Deposit Funds

An interpleader case typically proceeds in two stages. First the court determines whether the interpleader is warranted. Second, the court resolves the merits of the claim. Aaron v. Mahl, 550 F.3d 659, 663 (7th Cir. 2008). This motion relates to the first stage—whether interpleader is warranted. The plaintiff has asked for leave to deposit $34,545.52 with the clerk of court because of the completing claims of Margaret Spruill's surviving sons and sister. The court will order the interpleader plaintiff to deposit the funds in the court's registry investment system in an interest-bearing account.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to deposit flexible adjustable life insurance policy proceeds. Dkt. No. 19. The court **DIRECTS** the clerk of court for the Eastern District of Wisconsin to accept a check from the plaintiff in the total sum of at least $34,545.52, plus any additional interest that accrues after February 9, 2018, for deposit into the court registry investment system in an interest-bearing account. The court **DIRECTS** the clerk of court to issue a receipt once the plaintiff deposits the funds.

The court **GRANTS** the plaintiff's motion for entry of a discharge and dismissal order. Dkt. No. 19. The court **ORDERS** that, upon issuance of the receipt by the clerk of court, the plaintiff shall be discharged from further liability under Flexible Premium Adjustable Life Insurance Policy No. ND0067, and shall be dismissed from this case with prejudice.

The court **ORDERS** the defendants to appear by telephone for a scheduling conference on July 17, 2018 at 10:30 a.m. Parties may appear by telephone by calling the court's conference line at 888-557-8511 and using access code 4893665#.

Dated in Milwaukee, Wisconsin this 30th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**